UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVORY NORWOOD,                )
                              )
v.                            )    Case No. 8:08-CR-180-T-17EAJ
                              )              8:09-CV-2397-T-17EAJ
UNITED STATES OF AMERICA,     )
                              )

ORDER ON MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

This cause is before the Court on IVORY NORWOOD's timely-filed Motion To Vacate, Set Aside, or Correct Sentence (Doc. CV-1, CR-193) filed on November 24, 2009; the Government's Response in Opposition to Norwood's Motion To Vacate, Set Aside, or Correct Sentence (Doc. CV-7) filed on February 23, 2010; and Norwood's Reply to the Government's Response in Opposition to Motion To Vacate, Set Aside, or Correct Sentence (Doc. CV-8) filed on March 22, 2010. A review of the record and applicable law demonstrates that, for the following reasons, Norwood's motion to vacate must be denied.

BACKGROUND AND PROCEDURAL HISTORY

On August 12, 2008, Norwood pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A)(ii) (Count One); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two). (Docs. CR-66, CR-197). Norwood's plea agreement contained an appeal waiver in which he expressly waived his right to appeal his sentence. The appeal wavier reads:

1

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18 United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18 United States Code, Section 3742(a).

(Docs. CR-66, CR-197).

On October 2, 2008, the Court accepted Norwood's guilty plea and adjudicated him guilty. (Doc. CR-107). On November 25, 2008, the Court sentenced Norwood to 120 months incarceration as to Count One, and 60 months incarceration as to Count Two. (Doc. CR-149). The sentences are consecutive. Judgment was entered on November 26, 2008. (Doc. CR-191).

On November 24, 2009, Norwood filed the instant 28 U.S.C. § 2255 motion raising the following claims of ineffective assistance of counsel: (1) counsel was ineffective during the actual negotiation of the plea agreement because counsel failed to provide competent advice in advising Norwood to accept the appeal and collateral waiver provision; (2) counsel was ineffective for advising Norwood to plead guilty to Count Two when the facts supporting the offense were insufficient as a matter of law; and (3) counsel was ineffective for advising Norwood to waive his right to appeal when counsel was aware of a pending case that raised a legal argument which might influence whether Norwood would qualify as a career offender (referring to *Johnson v. United States*, 130 S. Ct. 1265 (March 2, 2010). (Doc. CV-1, CR-193).

The Government alleges that Norwood is barred from raising his ineffective assistance of counsel claims due to the appeal waiver in his plea agreement. (Doc. CV-7). In addition, the Government argues that even if Norwood is not barred by the appeal waiver, he is not entitled to the relief he seeks because counsel was not ineffective. Norwood alleges in his reply that the

2

collateral appeal waiver was not entered into voluntarily and intelligently and that it is not enforceable. (Doc. CV-8). Norwood further alleges that his counsel, Adam Allen, was ineffective. (Doc. CV-8).

## GUILTY PLEA WAIVER

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For this Court to enforce such a waiver, the United States need only demonstrate either (1) that the district court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy, or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver). In addition, "there is a strong presumption that statements made during the plea colloquy are true." *United States v. Medlock*, 12 F.3d 185,187 (11th Cir. 1994). Consequently, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show that his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

A defendant's wavier of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*,

3

396 F.3d at 1342; *Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the claim underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the motion to vacate); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers).

However, an appeal waiver does not bar a § 2255 claim that the defendant's plea or the appeal waiver itself was invalid due to ineffective assistance of counsel. *Patel v. United States*, 252 Fed. Appx. 970, 974 (11th Cir. 2007). "A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases." *Id.*

Norwood expressly waived "the right to appeal [his] sentence or to challenge on any ground including the ground that the Court erred in determining the applicable guideline range." (Doc. CR-66 at 13.) At Norwood's change of plea hearing, the Court reviewed the appeal waiver and its limitations in Norwood's plea agreement. (Doc. CR-197 at 31-34). After the Government read the appeal waiver portion of the plea agreement into the record, the Court further explained that this appeal waiver included claims of ineffective assistance of counsel:

> Court: I need to tell you that sometimes a defendant will argue that the conviction and sentence should be set aside or changed, not because of a mistake the judge made or the prosecutor made, but because the defendant's attorney did something or failed to do something which a reasonably effective

4

> attorney would have done or not done and that that caused a different unfavorable outcome for the defendant. That's called a claim of ineffective assistance of counsel.
>
> I'm not suggesting in any way that any of you have a claim of ineffective assistance of counsel or that you will have a claim. But I need to make you aware that a claim of ineffective assistance of counsel is not one of the three things that's in this waiver provision that you can use to challenge your sentence. In other words, that's waived or that's given up because it's not one of those three things.
>
> So I need to make sure you understand that
>
> ...
>
> All right. Mr. Norwood, do you understand that any claim of ineffective assistance of counsel would be – would not be preserved and that's not one of the three things that you can use to challenge your sentence? Do you understand that?
>
> Norwood: Yes, ma'am.
>
> Court: Do you agree to that?
>
> Norwood: Yes, ma'am.
>
> Court: Do you make the waiver of appeal knowingly?
>
> Norwood: Yes, ma'am.
>
> Court: And do you make it voluntarily?
>
> Norwood: Yes, ma'am.

(Doc. CR-197 at 34-35).

However, while the appeal waiver is valid, Norwood is not prohibited from raising his ineffective assistance of counsel claims because he is alleging ineffective assistance of counsel during his plea agreement.

First, Norwood alleges that his appeal waiver does not bar his relief because counsel was ineffective during the actual negotiation of the plea agreement. He alleges that counsel was ineffective in advising Norwood to accept the appeal and collateral waiver provision. Because

5

Norwood is challenging the validity of his guilty plea, and not his sentence, he is not barred by the appeal waiver from raising this ineffective assistance of counsel claim.

Second, Norwood alleges that his trial counsel was ineffective in advising Norwood to enter a plea to Count Two of the Indictment because any possession of a firearm by a co-conspirator was not reasonably foreseeable, the firearm had no nexus with, and was not in furtherance of, the drug trafficking offense, and the facts were not sufficient to establish Norwood's knowledge or liability for any firearm possession in furtherance of a drug trafficking crime. Norwood is contesting the validity of his guilty plea because he was not provided adequate assistance of counsel, and he is not barred by the appeal waiver from raising this ineffective assistance of counsel claim.

Third, Norwood alleges that his trial counsel was ineffective in advising Norwood to enter into an appeal and collateral waiver when trial counsel was aware of a pending case that raised a legal argument that might influence whether Norwood would qualify as an armed career criminal. Norwood alleges that he was not made aware of a pending case that might control whether he was an armed career criminal subject to an enhanced sentence under the Armed Career Criminal Act. Because Norwood is objecting to the validity of his plea agreement, and not to his sentence, he is not barred by his appeal waiver from raising this ineffective assistance of counsel claim.

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance of trial or appellate counsel, a Defendant must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* two-part test requires a Defendant to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a Defendant would have insisted on going to trial is to determine whether Defendant had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

### Ground One

7

## Ineffective Assistance of Trial Counsel

Trial counsel rendered ineffective assistance of counsel by advising defendant to enter a plea to Count Two - 18 U.S.C. § 924(c) - Possession of Firearm in Furtherance of Drug Trafficking Crime, because the facts supporting that offense were insufficient as a matter of law. Any possession of a firearm by a co-conspirator was not reasonably foreseeable. Any possession of a firearm had no nexus with, and was not in furtherance of, the drug trafficking offense. There were no facts sufficient to establish defendant's knowledge or liability for any firearm possession in furtherance of a drug trafficking crime.

Ground one has no merit because the Government explained at Norwood's change of plea hearing that under the *Pinkerton*[1] liability theory, the Government would only need to prove that one of Norwood's co-defendants possessed a firearm and that it was reasonably foreseeable that under the circumstances of the crime that at least one of the co-conspirators would possess a firearm:

| | |
|---|---|
| AUSA Downing: | Clearly, the conversations from the time they started – Mr. Norwood started speaking with the undercover agent, it was clear that there was going to be a home invasion robbery that at least some of the people or at least one person there would be – armed and that they were going in there. And so [it is] reasonable based on all of the conversations, that Mr. Norwood would have anticipated that one or more of the people involved would have had a firearm to go into that house which was the initial plan.<br><br>Ultimately, that changed and they were going to rob the agent as opposed to going into the stash house, if you will. But the same – the same thought process would be involved. |
| Court: | Okay. All right. Unless there's an objection to that factual basis – |
| Mr. Allen: | [Counsel for Norwood] There isn't, Your Honor. And I've researched it not only in this case but the Eleventh Circuit case law is pretty clear that in either a drug case or a robbery, it's reasonably foreseeable that somebody will have gun, and that standard has been upheld on numerous times by the Eleventh Circuit that if you're involved with other people in either a robbery or a drug offense, it's reasonably foreseeable that someone would have a gun, whether he directly knew or not. Although I would agree with |

---

[1] Pinkerton v. United States, 328 U.S. 640, 646 (1946).

| | |
|---|---|
| | the government that factually there's even more evidence that Mr. Norwood knew that Mr. Williams had a gun. |
| Court: | Okay. |
| Mr. Allen: | He just didn't have a gun on his person. |
| Court: | Right. Mr. Norwood, do you want to stand by your guilty pleas? |
| Norwood: | Yes, ma'am. |
| Court: | Okay. And let me just say that if you want me to consider appointing a different attorney for you to advise you on this, I will do that. But I just want to make sure that we've explored every bit of concern that you have. |
| Norwood: | Yes, ma'am. |
| Court: | Do you want another attorney to advise you? |
| Norwood: | No, ma'am. |
| Court: | Okay. All right. I find that Mr. Norwood is competent. I find his plea to be knowing, intelligent and voluntary, and is supported by an independent basis in fact as to each essential element. So I will recommend to the district judge, sir, that your guilty plea be accepted. That recommendation will be made in writing and you have ten days form when it's made to make any objection. If you don't object, you could be limited on your right to later copalin that the court should not have accepted your guilty plea. Any questions about that? |
| Norwood: | No, ma'am. |

(Doc. CR-197 71-74).

Norwood has failed to show that counsel was ineffective by advising him to plead guilty to Count Two. The facts were sufficient to establish defendant's knowledge or liability for possession of a firearm in furtherance of a drug trafficking crime. A review of the portion of the transcript set out above demonstrates that counsel had researched applicable law and had applied the law and advised Norwood as to the relevant law.

Furthermore, Norwood stated that he wanted to plead guilty.

9

| | |
|---|---|
| Norwood: | There's a lot I ain't satisfied with but I really don't want to go into it. I want to plead guilty. |
| Court: | Okay. Mr. Allen, do we need to have a separate inquiry, do you think? We could do this later after the rest. |
| Mr. Allen: | I don't know. I think he wishes I could have gotten him a better deal. I think he wishes he wasn't looking at the amount of time he's looking at, which I wish I could have and I wish he wasn't. I think a lot of that is that. |
| The Court: | Okay. Do you want to respond to what he said? |
| Norwood: | I just want to plead guilty. |
| ..... | |
| Mr. Downing: | Judge, there were discussions. I think maybe part of the – part of the issue is I think Mr. Norwood wanted to plead to Count One and not have to plead to Count Two, and that offer was not on the table, not up for negotiations. |
| The Court: | Okay. |
| Mr. Downing: | The offer was to plead to Count One and to Count Two and to cooperate. |
| The Court: | Okay. |
| Mr. Downing: | That's what Mr. Norwood has indicated he wanted to – he would accept and sign the plea agreement. |
| The Court: | Okay. All right. Well, Mr. Norwood, do you want to go forward with this? |
| Norwood: | Yes, ma'am. |

(Doc. CR-197 18-20).

Norwood could not plead guilty only to Count One as he preferred. Further, he stated to the Court that he did not want to go to trial. Norwood could have chosen not to plead guilty to either count, but he did not have the option of pleading guilty only to Count One. He chose to plead guilty to Count Two, knowing the consequences of the plea.

10

Norwood has not met the performance or prejudice prongs under *Strickland*, and Ground One does not warrant relief.

### Grounds Two and Three

### Ineffective Assistance of Trial Counsel

To the extent that the collateral waiver affects the viability of Ground One and Ground Two, trial counsel rendered ineffective assistance of counsel by advising defendant to enter into a plea agreement that waived his right to pursue an appeal and collateral review. At the time trial counsel advised defendant to enter into the plea, he was aware that a pending certiorari petition [sic] which raised a bona fide legal argument about whether defendant qualified as a career offender.

Although trial counsel objected at sentencing to defendant's designation as a career offender under USSG § 4B1.1, and argued that one of the prior convictions did not qualify as a crime of violence, he acknowledged that binding precedent in the Eleventh Circuit, *United States v. Johnson*, 528 F.3d 1318 (11th Cir. 2008), foreclosed the argument. Trial counsel further acknowledged his awareness of a pending certiorari petition in *Johnson*. Trial counsel pressed his objections in the event the United States Supreme Court granted certiorari in *Johnson v. United States* and reversed the Eleventh Circuit's decision. Earlier this year, the Supreme Court granted certiorari in *Johnson v. United States*, 2009 U.S. LEXIS 1324 (Fed. 23, 2009). Unfortunately, the preservation efforts at sentencing were meaningless. Despite knowing of the existence of a bona fide issue that significantly affects defendant's sentence calculation, trial counsel rendered ineffective assistance by advising defendant to enter into an appeal and collateral waiver.

In his reply to the Government's response, Norwood contends that after the United States Supreme Court decided *Johnson v. United States*, 130 S.Ct. 1265 (2010), his designation as a career offender under USSG § 4B1.1 is invalid, and that, but for the appeal waiver provision, Norwood would have benefitted from the ruling in *Johnson*. He also claims that counsel was ineffective for failing to inform Norwood that he could preserve his appeal rights in the event the Supreme Court granted certiorari by moving to withdraw from the appeal waiver provision before the Court accepted the plea. Fed. R.

Crim P. 11(d)(1) (A defendant may withdraw a plea of guilty or nolo contendere "before the court accepts the plea, for any reason or no reason.").

Grounds Two and Three have no merit. Norwood has not shown that his trial counsel was ineffective for failing to predict the development of the law. *Gilchrist v. United States*, 2007 WL 1796266 at *6 (June 20, 2007)(citing *Spaziano v. Singletary*, 36 F.3d 1038, 1039 (11th Cir. 1994)). Norwood stated that he wanted to plead guilty and he did so. Nowhere in Norwood's section 2255 motion to vacate does Norwood state that, but for the erroneous advice of counsel, he would have not pled guilty, but would have proceeded to trial. In view of his stated desire to plead guilty and his failure to show that he had a defense to the crime "that would likely have borne fruit at trial," Norwood has failed to meet the *Strickland* standard for ineffective assistance of counsel under *Hill v. Lockhart*.

Accordingly, it is:

**ORDERED** that Defendant, IVORY NORWOOD's, 28 U.S.C. § 2255 Motion To Vacate, Set Aside, or Correct Sentence (Doc. CV-1, CR-193) is **DENIED**. The Clerk is **DIRECTED** to enter judgment against IVORY NORWOOD and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S.

274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED in Tampa, Florida, this 12th day of July, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.